NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-962

COMMONWEALTH

vs.

PATRICK AMARA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this appeal, we consider whether a judge erred by denying the defendant's motion for a new trial based on a claim of ineffective assistance of trial counsel. We are the second panel of this court to consider the question. In a prior appeal, a different panel of this court reversed and remanded the judge's prior order allowing the same motion. See Commonwealth v. Amara, 101 Mass. App. Ct. 1102 (2022). Discerning no error in the judge's denial of the defendant's motion for new trial, we affirm.

Background. The defendant was convicted by a jury in Superior Court of three counts of rape. The charges stemmed from a sexual encounter that occurred at a house party attended by University of Massachusetts (UMass) undergraduate students. The defendant admitted that the sexual encounter occurred but

asserted that it was consensual. The facts established at trial were described in the prior appeal, and we need not detail them here. See Amara, 101 Mass. App. Ct. 1102.

The defendant's ineffective assistance claim was predicated on trial counsel's failure to use a UMass report and a police report (collectively, the investigative reports) to impeach the Commonwealth's witnesses. Both investigative reports contained statements by the first complaint witness's boyfriend, Joshua Odam, about what the first complaint witness purportedly told him about what the victim had told her regarding the incident. Neither Odam nor the first complaint witness was at the party when the rape occurred.

After an evidentiary hearing at which trial counsel testified, the judge allowed the motion based, in part, on a finding that trial counsel did not read or review the investigative reports. Noting that this finding was at odds with the judge's subsidiary finding crediting counsel's testimony that he had read the investigative reports, the prior panel concluded that "the motion [instead] should have been analyzed on the basis that counsel failed to discuss the reports with the defendant and failed to use them at trial." Amara, supra. The panel observed that Odam's statements ultimately "support that a rape occurred" and that the judge "does not appear to have considered . . . whether using Odam's statements

2

at trial could have overcome [the defense's] weaknesses."  Id.

The panel also identified certain limitations on the "use" of

these multi-level hearsay statements at trial:

> "Odam's out-of-court statements arguably could have been
> used by defense counsel to prepare his cross-examinations
> of the victim and [the first complaint witness], . . .
> might have been used to cross-examine [the first complaint
> witness] about what the victim said during the first
> complaint, [and given] defense counsel a good faith basis
> to ask [the first complaint witness] whether the victim
> told her that she had been drinking before the sexual
> encounter."

Id.  Further noting that Odam's statements were a "double-edged

sword" that could have harmed the defendant as much or more than

they helped him, the panel concluded that the judge "should have

considered whether it was objectively reasonable to forego

cross-examination" based on those statements.  Id.

The panel ordered the judge to reconsider the motion

"taking into account what we have said in this decision."

Amara, 101 Mass. App. Ct. 1102.  So directed, the judge

reconsidered the defendant's motion and determined that trial

counsel's failure to use Odam's statements was not a strategic

decision, but the defendant ultimately had not "met his burden

to show that introducing the report would have been a net

benefit to his defense."[1]

---

[1] We note that, on remand, the judge appeared not to appreciate the evidentiary limitations on the use of the statements and reports.  They could not have been "introduced"

3

Discussion. "We review the denial of a motion for a new trial for an abuse of discretion." Commonwealth v. Sorenson, 98 Mass. App. Ct. 789, 791 (2020), cert. denied, 142 S. Ct. 107 (2021). In doing so, "[w]e afford particular deference to a decision on a motion for a new trial based on claims of ineffective assistance where the motion judge was, as here, the trial judge." Commonwealth v. Martin, 467 Mass. 291, 316 (2014). In analyzing the defendant's claim for ineffective assistance of counsel, we determine "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and, if so, "whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "We have applied a stringent standard of review to claims of ineffective assistance because of failure to impeach a witness." Commonwealth v. Jenkins, 458 Mass. 791, 805 (2011). "Generally, failure to impeach a witness does not amount to ineffective assistance of counsel." Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 279 n.4 (2014), quoting Commonwealth v. Fisher, 433 Mass. 340, 357 (2001). "[A]bsent

---

at trial nor used as substantive evidence to "corroborate [the defendant's] version of events."

4

counsel's failure to pursue some obviously powerful form of impeachment . . . it is speculative to conclude that a different approach . . . would likely have affected the jury's conclusion."  Fisher, supra.

We accept the judge's finding that trial counsel's foregoing the use of Odam's statements was not strategic, rather counsel simply "had forgotten about [them] before the trial," and focus on the second prong of Saferian.  Our analysis in that regard, like that of the judge, is informed by the parameters set out by the panel in the first appeal.

In that context, to show that "better work might have accomplished something material for the defense," Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977), would have required the judge to assume that trial counsel, after discussing the potential pitfalls (which, as noted, were hardly insignificant), would have made the strategic decision to cross-examine the victim and the first complaint witness based on Odam's statements.  As to the victim, the questioning would have been limited to whether, contrary to her testimony, she had been drinking before the sexual encounter and whether the sex was initially consensual before the defendant ignored her repeated entreaties for him to stop.  The first complaint witness could only have been asked whether the victim had reported that she was drinking before the sexual encounter or had said that the

5

sex was initially consensual.[2]  Even if this line of questioning resulted in affirmative responses, it would not have contradicted the victim's testimony that ultimately the sex was not consensual.  Moreover, pursuing this line of inquiry came with the inherent risk that the witnesses would repeat their incriminatory testimony.  See Commonwealth v. White, 409 Mass. 266, 276-277 (1991) (no ineffective assistance where any benefits defendant would have realized from testimony largely offset by harm from other aspects of testimony).

Thus, we discern no error in the judge's conclusion that the defendant failed to demonstrate prejudice from the failure of trial counsel to use Odam's statements in his trial defense

---

[2] Even if the first complaint witness answered affirmatively to either question, her responses could not be considered substantively by the jury.  See Mass. G. Evid. § 613 note (2024).

6

nor abuse of discretion in the judge's denial of the defendant's motion for a new trial.

Order denying motion for new
trial affirmed.

By the Court (Hand,
Hershfang & Brennan, JJ.[3]),

Assistant Clerk

Entered:  May 30, 2024.

---

[3] The panelists are listed in order of seniority.